JUDGE CASTEL

13 CV 4457

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN SLAVIT-GORDON,<br><br>  Plaintiff,<br><br>v.<br><br>ELLIOTT ERWITT,<br>MAGNUM PHOTOS, AND<br>TENEUES PUBLISHING COMPANY,<br><br>  Defendants. | Civil Action No.:<br><br>**ECF CASE**<br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Plaintiff Ms. Ann Slavit-Gordon ("Plaintiff"), by and through her undersigned attorneys, for her complaint against Defendants Mr. Elliott Erwitt, Magnum Photos, and teNeues Publishing Company ("Defendants"), upon information and belief, hereby alleges the following:

## Nature of Action

1.  This is an action for copyright infringement pursuant to the Copyright Act (Title 17, United States Codes).

## The Parties

2.  Plaintiff Ms. Ann Slavit-Gordon currently resides at 3850 Sedgwick Avenue, Apartment 7J, Bronx, NY 10463.

3.  Plaintiff is the original sculptor and owner of the copyrighted sculpture "Della Street," with United States copyright registration number VAu000003394.

4. Upon information and belief, Defendant Mr. Elliott Erwitt is a professional photographer who currently resides at 88 Central Park West, Apartment 8S, New York City, NY 10023.

5. Upon information and belief, Magnum Photos is a domestic entity having a principle place of business at 12 West 31st Street, 11th Floor, New York City, NY 10001. Defendant Magnum Photos is a photographic co-operative company and, upon information and belief, is acting as the agent for Mr. Elliott Erwitt by managing his portfolio including the licensing and publication of Mr. Erwitt's photographs, and is the joint copyright holder of the book "Elliott Erwitt's New York."

6. Upon information and belief, Defendant teNeues Publishing Company is a domestic company having a principle place of business at 7 West 18th Street, New York, NY 10011. TeNeues Publishing Company, upon information and belief, imports Mr. Erwitt's book titled "Elliott Erwitt's New York" into the United States from teNeues Publishing Group in Italy, and distributes it for sale.

**Jurisdiction and Venue**

7. This is an action for copyright infringement pursuant to the Copyright Act and jurisdiction is conferred upon this Court by 17 U.S.C. § 101 *et seq.*, 28 U.S.C §§ 1331 and 1338(a).

8. Personal jurisdiction exists over Defendant Mr. Elliott Erwitt because he resides in this District.

9. Personal jurisdiction exists over Defendant Magnum Photos because it has a principle place of business within this District.

10. Personal jurisdiction exists over Defendant teNeues Publishing Company because it has a principle place of business within this District.

11. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(b)-(d) and 1400(a).

### Background

12. In 1978, Ms. Ann Slavit-Gordon, under her maiden name Ms. Ann Slavit, designed and created a site-specific inflatable sculpture titled "Della Street" featuring a pair of female legs in high heels approximately 30 feet in length with the words "Ann Slavit" captioned on one of the high heels. A photograph of the "Della Street" sculpture, taken by Ms. Slavit-Gordon, is attached hereto as Exhibit 1.

13. The sculpture "Della Street" was a site-specific work of art exhibited on the front of the Museum of Contemporary Crafts building in New York City for a limited time.

14. On April 25th, 1978, Ms. Slavit-Gordon registered her sculpture with the United States Copyright Office as a work of visual art and was granted registration number VAu000003394.

15. During its display on the Museum of Contemporary Crafts, Mr. Elliott Erwitt photographed Ms. Slavit-Gordon's sculpture. A copy of Mr. Erwitt's photograph is attached hereto as Exhibit 2.

16. Soon thereafter, Mr. Erwitt began reproducing and selling copies of the photograph he had taken. Such reproduction included the use of the photograph in the June 1978 edition of House & Garden for an article titled "Foot News." The article credited Mr. Erwitt as the photographer and Ms. Slavit as the original sculptor. Mr. Erwitt additionally reproduced the

photograph in his book titled "Recent Developments," published by Visual Books, Inc., which failed to acknowledge Ms. Slavit-Gordon as the original sculptor.

17. Upon learning of Mr. Erwitt's use of the photograph, Ms. Slavit-Gordon sent a cease and desist letter to Visual Books, Inc. informing them that she did not authorize such use of her copyright and demanding that all future printings properly attribute her as the original artist of the sculpture.

18. Visual Books, Inc. referred the letter to Mr. Erwitt's agent, Ms. Lee Jones of Magnum Photos who forwarded the matter to their attorney Mr. Harvey Horowitz. Mr. Horowitz responded that he had discussed the matter with Mr. Erwitt and that control of republication of the book and changes in the credits were within the publisher's control.

19. Visual Books, Inc. provided an assurance that all future printings of "Recent Developments" would contain proper credit to Ms. Slavit-Gordon as the original sculptor of the underlying work.

20. In 2012, Ms. Slavit-Gordon became aware that Mr. Erwitt had published a new book titled "Elliott Erwitt's New York," in which Mr. Erwitt had reproduced the image of her sculpture without her permission and without attributing her as the original sculptor.

21. The infringing photograph is printed on page 22 of Mr. Erwitt's softcover book "Elliott Erwitt's New York." The caption for the photograph reads "New York City, USA, 1978." The book was published on June 2011 and lists teNeues Publishing Group as the publisher and "Elliott Erwitt/Magnum Photos" as the copyright holder. Upon information and belief, teNeues Publishing Group prints the book in Italy and imports it into the United States to teNeues Publishing Company for distribution and sale via its website and New York office.

22. The website www.elliotterwitt.com is indicated as Mr. Erwitt's official website and lists Magnum Photos as the appropriate entity to contact to discuss all inquiries including assignments, sales, and exhibitions of Mr. Erwitt's photographs and allied materials. Magnum Photos further advertises and offers for sale materials of Mr. Erwitt's via its website, including signed copies of "Elliott Erwitt's New York" which are currently listed as out of stock.

23. On April 16th, 2013, through the assistance of counsel, Ms. Slavit-Gordon sent a cease and desist letter to Mr. Erwitt, Magnum Photos, and teNeues Publishing Company, and a follow up letter on May 14th, 2013. The cease and desist letter demanded that Defendants cease all publications of Mr. Erwitt's photograph without first obtaining Ms. Slavit-Gordon's permission and properly attributing her as the original sculptor. The letter also demanded that Defendants produce a full accounting to indicate all other sources of media where the photograph is being reproduced, published, or sold.

24. Upon failing to receive a substantive response from Defendants, this complaint was filed.

### Count I - Copyright Infringement

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. Defendants have infringed and continue to infringe Ms. Slavit-Gordon's copyright in the sculpture "Della Street" by publishing and distributing to the public a photograph of her sculpture, in at least the book titled "Elliott Erwitt's New York," without the permission, license, or consent of Ms. Slavit-Gordon in violation of the Federal Copyright Act, Title 17 of the U.S. Code.

27. Defendants' infringement is and/or has been willful and in reckless disregard of Plaintiff's rights.

28. As a result of Defendants' infringement, Ms. Slavit-Gordon has been damaged in an amount yet to be ascertained.

29. As a result of Defendants' infringement, Ms. Slavit-Gordon has been irreparably harmed and, absent a permanent injunction restraining and enjoining Defendants' actions, such irreparable harm will continue.

30. As a result of Defendants' infringement, Ms. Slavit-Gordon is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement. Alternatively, upon Ms. Slavit-Gordon's election, Ms. Slavit-Gordon shall be entitled to her actual damages plus Defendants' profits from infringement, as will be proven at trial.

### Count II – Vicarious Copyright Infringement

31. Plaintiff repeats and realleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. Defendants have profited from the infringement of Ms. Slavit-Gordon's copyright in the sculpture "Della Street" through at least the publication and distribution of the book titled "Elliott Erwitt's New York."

33. Defendants had the ability and opportunity to stop or limit the infringement of Ms. Slavit-Gordon's copyright in the sculpture "Della Street" and have refused to do so.

34. As a result of Defendants' infringement, Ms. Slavit-Gordon has been irreparably harmed.

### Count III – Contributory Copyright Infringement

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 34 as if fully set forth herein.

36. Defendants knew of the infringement of Ms. Slavit-Gordon's copyright in the sculpture "Della Street."

37. By virtue of the above, Defendants intentionally induced, caused, and/or materially contributed to the aforementioned infringement of Ms. Slavit-Gordon's copyright in the sculpture "Della Street."

38. Defendants have profited from the aforementioned infringement of Ms. Slavit-Gordon's copyright in the sculpture "Della Street."

39. As a result of Defendants' infringement, Ms. Slavit-Gordon has been irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment:

a) That Defendants be held to have infringed Plaintiff's copyright.

b) That Defendants be held to have willfully infringed Plaintiff's copyright.

c) That Defendants be restrained and enjoined from infringing Plaintiff's copyright in any manner by displaying, printing, distributing, importing, and/or selling of any merchandise bearing the image of Plaintiff's copyrighted sculpture "Della Street."

d) That Defendants be ordered to pay Plaintiff the maximum statutory damages, or, in the alternative, Plaintiff's monetary damages and any additional profits of Defendants attributable to Defendants' infringement.

e) That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

### Jury Demand

Plaintiff demands trial by jury.

Dated: June 27, 2013

By: _____

Galen E. Rahmlow (GR2428)
Raymond R. Mandra

FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

Attorneys for Plaintiff